IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANE T. YOUNG                                        PLAINTIFF

V.                              NO. 10-2059

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Dane T. Young, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed his application for SSI on October 5, 2007, alleging an inability to work since November 4, 2006, due to seizure disorder. (Tr. 113, 117 ). An administrative hearing was held on March 23, 2009, at which Plaintiff appeared with counsel, and he and his mother testified. (Tr.7-45).

By written decision dated September 25, 2009, the Administrative Law Judge (ALJ) found Plaintiff had an impairment or combination of impairments that were severe - epilepsy,

AO72A
(Rev. 8/82)

attention deficit disorder, and intermittent explosive disorder.[1]   (Tr. 53).   However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 53 ).   The ALJ found that Plaintiff had no exertional limitations, and could have no exposure to hazards (such as unprotected heights or heavy machinery), could not drive, and could perform unskilled work where interpersonal contact was incidental to the work performed.  (Tr. 55).  With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform work as a cashier II, sales clerk, and housekeeper.  (Tr. 60).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which received and considered new evidence, and denied the request for review on March 23, 2010. (Tr. 1-3).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 7).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 11, 14).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

---

[1]Intermittent Explosive Disorder - The essential feature of Intermittent Explosive Disorder is the occurrence of discrete episodes of failure to resist aggressive impulses that result in serious assaultive acts or destruction of property. Diagnostic and Statistical Manual of Mental Disorders § 312.34 (4th Ed. 2000).

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

-3-

economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.  Discussion:

When the Appeals Council has considered material new evidence and nonetheless

declined review, the ALJ's decision becomes the final action of the Commissioner.  We then

have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action.

See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to

decide whether the ALJ's decision is supported by substantial evidence in the record as a whole,

including the new evidence made part of the record by the Appeals Council that was not before

the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a

peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However,

once it is clear that the Appeals Council considered the new evidence, then we must factor in the

evidence and determine whether the ALJ's decision is still supported by substantial evidence.

This requires the Court to speculate on how the ALJ would have weighed the newly submitted

evidence had it been available at the initial hearing.  Flynn v. Chater, 107 F.3d 617, 621 (8th

Cir.1997).  Thus, the Court has endeavored to perform this function with respect to the newly

submitted evidence

In his opinion, the ALJ concluded that the impairment of epilepsy did not meet or equal

the requirements of 20 C.F.R.404, Subpart P, Appendix 1, Listing 11.00, and more specifically

11.02.  (Tr. 53).  He stated that in Plaintiff's case, the criteria could be applied only if the

impairment persisted despite the fact that the individual is following prescribed anti-epileptic treatment.  The ALJ found that since the record did not reflect adherence to prescribed anti-epileptic therapy, the criteria could not be applied.

On March 23, 2010, after the ALJ issued his unfavorable decision, the Appeals Council received additional evidence, which consisted of records from Mercy Northside Clinic, dating from April 29, 2009, to July 6, 2009.  In the record dated April 29, 2009, James Saunders, P.A. noted that Plaintiff had been compliant with the Dilantin, but had been having "two seizures per month still." (Tr. 391).  In a record dated July 6, 2009, after Plaintiff had begun taking Lamictal, James Saunders, P.A., noted that Plaintiff  had a couple of "early" episodes that "never developed into a seizure" and that he had not had a full seizure for a couple of months.

The Court believes that these more recent records indicate that Plaintiff's epilepsy might persist despite the fact that he is following prescribed anti-epileptic treatment.  The ALJ therefore, might have reached a different conclusion had the newly submitted evidence been available at the initial hearing. Accordingly, the Court finds it necessary to remand this matter for the ALJ to re-evaluate his decision based upon the records that were presented to the Appeals Council, but not considered by the ALJ.  In addition, upon remand, the Court suggests that the ALJ also obtain a mental RFC assessment from an examining neurologist.

**V.      Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

-5-

IT IS SO ORDERED this 2nd day of May, 2011.

_/s/ Erin L. Setser_
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-